**FRANKLIN SAVINGS ASSOCIATION and Franklin Savings Corporation, Plaintiffs,**

v.

**OFFICE OF THRIFT SUPERVISION and Kansas Savings and Loan Department, Defendants.**

No. 90–4054–S.

United States District Court, D. Kansas.

March 29, 1990.

See also, D.C., 732 F.Supp. 1123.

Charles W. German, David E. Everson, Jr., Brant M. Laue, Richard F. Hunter, Stinson, Mag & Fizzell, Kansas City, Mo., Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., for plaintiffs.

P. John Owen, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., Marc E. Elkins, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Jordan Like, Chief Counsel, Thomas J. Segal, Associate Chief Counsel, Elizabeth R. Moore, Sr. Trial Atty., James Hendrickson, Trial Atty., Washington, D.C., Nancy L. Ulrich, Asst. Atty. Gen., Topeka, Kan., Paul W. Grace, Mary Boney Denison, Linda Hitt Thatcher, Paul J. Kennedy, Graham & James, Washington, D.C., Lee Thompson, U.S. Atty., Topeka, Kan., Stuart M. Gerson, Asst. Atty. Gen., Theodore C. Hirt, Steve Frank, Mark Batten, Gary Orseck, Attys., Dept. of Justice Civ. Div., Washington, D.C., Thomas J. Loughran, Finkelstein, Thompson & Loughran, Washington, D.C., Jan Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Kansas Savings and Loan Department's (KSLD) motion to dismiss, plaintiffs' motion for leave to add a party, and the motion of the United States to intervene as a party-defendant.

First, the court will address the related motions of defendant KSLD and plaintiffs. Defendant KSLD moves to be dismissed as a party in this case claiming Eleventh Amendment immunity from suit and that it lacks capacity to be sued. Plaintiff responds to this motion stating that it is agreeable to the dismissal of KSLD. However, plaintiffs seek leave to add David Douglass, in his individual and official capacity as commissioner of the KSLD as a party-defendant in this case. Plaintiffs allege that they will seek injunctive relief against the commissioner if he is added as a party.

After reviewing the parties' pleadings, the court finds that defendant KSLD should be dismissed as a party-defendant. Also, the court will grant plaintiffs leave to add David Douglass as a party-defendant in this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Next, the court will address the motion of United States to intervene as a party-defendant. Rule 24(b)(2) of the Federal Rules of Civil Procedure provides:

> Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

In the present motion, the United States seeks to intervene to defend the constitutionality of Section 301 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). The court finds that this asserted defense presents a question of law in common with the main action. Moreover, the court finds that the original parties would not be prejudiced by the intervention of the United States as a party-defendant. Therefore, pursuant to Rule 24(b)(2), the court will permit the United States to intervene as a party-defendant in the above-captioned case for the limited purpose of defending against Count V of plaintiffs' complaint which challenges the constitutionality of Section 301 of FIRREA.

IT IS THEREFORE BY THE COURT ORDERED that the motion to dismiss filed by defendant Kansas Savings and Loan Department is granted.

IT IS FURTHER ORDERED that plaintiffs' motion to add David Douglass, in his individual and official capacity as commissioner of the Kansas Savings and Loan Department, as a defendant is granted.

IT IS FURTHER ORDERED that the United States' motion to intervene as a party-defendant is granted.